GENOVESE, Judge.
_[iPlaintiffs-Appellants, Camille Landry, individually and on behalf of her minor child, Tai Landry, and Ryan Landry, individually and on behalf of his minor child, Tai Landry, and the defendants-appellees, Dr. Cong T. Vo, Dr. Rosaire Josseline Belizaire, Dr. Vasanth Nalam and the Louisiana Patient’s Compensation Fund, have filed a “Joint Motion to Dismiss Appeals and All Claims Against Dr. Cong T. Vo, Dr. Rosaire Josseline Belizaire, Dr. Va-santh Nalam and the Louisiana Patient’s Compensation Fund.” The defendant-ap-pellee, Pediatric Services of America, Inc. (PSA), has filed a memorandum in opposition to the motion to dismiss. For the reasons expressed below, we deny the motion.
*760 Following the issuance of this court’s opinion in this appeal, the plaintiffs filed a writ application with the Louisiana Supreme Court, which remains pending due to a stay issued by that court while plaintiffs’ nullity action is decided by the trial court. The supreme court granted plaintiffs’ motion lifting the stay “for ... the limited purpose of allowing the plaintiffs[ ] to file a motion to dismiss claims against Dr. Vo, Dr. Belizaire, Dr. Nalam and the Louisiana Patient’s Compensation Fund.”
Plaintiffs filed a motion to dismiss their claims against these four defendants in this court. The motion was opposed by the only other defendant, PSA. This court issued its opinion denying this motion on May 20, 2015. Plaintiffs and the four other defendants have again filed a joint motion to dismiss, and this time plaintiffs’ counsel attached an affidavit allegedly in compliance with the provisions set forth in Uniform Rules — Courts of Appeal, Rule 2-8.3, asking in this motion that this court dismiss the plaintiffs’ claims against these four defendants, but reserving the plaintiffs’ claims against PSA. PSA opposes this motion.
laUniform Rules — Courts of Appeal, Rule 2-8.3 provides, “Any appeal may be summarily dismissed or remanded by order of the court where there has been a joint motion filed by all interested parties or their counsel of record, which shall set forth the reason for such action and which shall be supported by appropriate affidavits that the facts alleged are true and correct.”[1] Emphasis added. Plaintiffs and the other four defendants, in their memorandum in support of the motion to dismiss, never discuss the question of whether PSA is an “interested party” as this term is used in Rule 2-8.3. It appears from a reading of the arguments set forth in the memorandum in support of the motion that the parties thereto are suggesting that PSA has no interest in the dismissal of these other defendants since any fault that may ultimately be assigned to the dismissed defendants would reduce the plaintiffs’ recovery by their assigned percentage of fault.
However, Rule 2-8.3 refers to “[a]ny appeal,” not any motion to dismiss an appeal, and we find that PSA is an “interested party” in plaintiffs’ appeal. Therefore, we find that PSA must also acquiesce in the granting of the motion to dismiss in order to comply with Rule 2-8.3. PSA has filed a memorandum in opposition to the motion; therefore, PSA clearly does not acquiesce. Accordingly, we find that the movers have failed to comply with Rule 2-8.3, and we deny the motion.
MOTION TO DISMISS DENIED.
CONERY, J., dissents and would grant the motion.

. As explained in this court's opinion rendered on the plaintiffs’ first motion to dismiss, Uniform Rules — Courts of Appeal, Rule 2-8.4 has no application to the facts of this case.